UNITED STATES of America,

v.

Antonio MARTINEZ–ORTEGA; Guillermo Sanchez–Lopez; Epifanio Sanchez–Lopez; and Brijido Astorga–Ayon, Defendants.

Crim. No. 87–40023.

United States District Court,
D. Idaho.

May 6, 1988.

Monte Stiles, Asst. U.S. Atty., Boise, Idaho, for the U.S.

Rudy Barchas, Boise, Idaho, for Antonio Martinez–Ortega.

M. Karl Shurtliff, Boise, Idaho, for Guillermo Sanchez–Lopez.

Phillip Gordon, Boise, Idaho, for Epifanio Sanchez–Lopez and Brejido Astorga–Ayon.

MEMORANDUM DECISION

CALLISTER, Chief Judge.

The Court has before it a motion to invalidate the Sentencing Reform Act of 1984, as amended by the Sentencing Act of 1987. The defendants have standing to raise this challenge as they are due to be sentenced under the Sentencing Act Guidelines (hereinafter referred to as "Guidelines") on May 6, 1988.

In examining defendants' challenge to the Guidelines, the Court is not sailing into uncharted waters. Over fifty federal district court judges have already ruled on the Guideline's constitutionality with a slight majority favoring invalidation. The Court has reviewed many of those cases and finds particularly outstanding the decisions rendered by Judges Matsch and Kane, from the District of Colorado. *See United States v. Elliott*, 684 F.Supp. 1535 (1988); *United States v. Smith*, 686 F.Supp. 847 (D.Colo.1988). In addition, the Court was impressed with a decision signed by all the sitting judges of the District of Maryland. *See United States v. Bolding*, 683 F.Supp. 1003 (1988). The concern of these courts, and this Court, is that the Guidelines constitute an impermissible encroachment on the sentencing discretion of a federal judge. A brief summary of the Guidelines and an analysis of these cases will illustrate this point.

The Guidelines system is basically a grid. Along the vertical axis are criminal offenses grouped into forty-three base levels with each level ascending in severity from the first to the forty-third. Along the horizontal axis are categories representing the past criminal history of the defendant. When the offense level is matched on the grid with the criminal history category of the defendant, the judge finds a range of permissible sentences. This "sentencing range" has been denominated a "guideline," but is actually a mandate because the judge is required to impose a sentence within that range by 18 U.S.C. § 3553(b):

The court *shall* impose a sentence of the kind, and within the range, referred to ... unless the court finds that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines and that should result in a sentence different from that described.

Many courts, after examining these Guidelines, have concluded that they effectively negate the sentencing judge's discretion. *See United States v. Elliott, supra; United States v. Smith, supra; United States v. Bolding, supra.* This conclusion is not surprising. The Guidelines overturn a century-old system that placed substantial discretion in the hands of a judge to mold a sentence that would fit the widely varying circumstances of each individual appearing for sentencing. *See United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). While Congress has always had the power to set a range of potential sentences, the Judiciary alone has the power to examine all the circumstances to determine the appropriate sentence. *See Ex Parte United States*, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129 (1916). The Guidelines removed this discretion from the courts and transferred it to the Sentencing Commission. As stated by Judge Kane:

The Sentencing Reform Act imposes upon the Commission the function not of promulgating standards which *guide* judges in their sentencing discretion, but the function of formulating rules which must be followed in almost all instances and which effectively deprive the judges of any discretion whatsoever.

*See United States v. Smith, supra,* at p. 865. (Emphasis in original.)

█ Is Congress acting within the Constitution when it removes discretion from the courts and deposits it with the Sentencing Commission? According to the Sentencing Reform Act, the Commission is labeled as being part of the Judiciary. *See* 28 U.S.C. § 991(a). Has Congress simply removed discretion from one part of the Judiciary and transferred it to another?

This Court believes not. The Sentencing Commission can do no work without the concurrence of at least one non-Article III commissioner. In addition, the Commission's members can be removed by the President. The United States Supreme Court has clearly ruled that such a system would be unconstitutional. *See Bowsher v. Synar,* 478 U.S. 714, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986) (members of one branch of government are not removable by members of another branch); *Northern Pipeline v. Marathon Pipeline,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (non-Article III personnel may not usurp functions of Article III judges).

Anticipating this finding, the Government urges this Court to find that the Commission is an Executive agency. *See* Brief of Department of Justice at p. 4. This "Executive agency", however, contains three Article III judges. This combination of Judiciary and Executive violates the separation of powers doctrine as explained by Judge Matsch:

> [T]he mixing of adjudicative and policy-making functions ... contravenes the separation of powers doctrine. If there were no constitutional prohibition of the participation of judges in an Executive rulemaking agency, the combination of powers resulting from placement of the Commission's function in the Executive Branch presents a danger to individual liberty. The philosophical predicate for the separation of powers doctrine is the tyrannical tendency inherent in the combination of government powers. That danger is enhanced when the combination is the powers of prosecution and punishment.

*See United States v. Elliott, supra,* at pp. 1539–40 (citations omitted).

■ From this discussion, it is apparent that the Guidelines violate the separation of powers doctrine. In addition, the negation of the sentencing judge's discretion violates the due process clause by preventing the defendant from having an opportunity to convince the sentencing judge that there are circumstances which override the point allocations of the Guidelines. *See United States v. Elliott, supra,* at p. ——.

The Guidelines exemplify the arrogance of quantification. If a sentencing judge, under the prior system, lumped all defendants into categories based on broad generalizations, he would rightly be accused of abusing his discretion. But that is precisely how the Guidelines operate. The heart of prejudice and bigotry is generalization. The independence of the federal judiciary and its substantial discretion in sentencing matters over the past century has provided a protection against these evils. The Guidelines represent a substantial retreat from the goal of providing each individual criminal defendant a fair and unbiased sentence following conviction.

For all these reasons, the Court finds that the Guidelines are constitutionally flawed and must be struck down. The Court further rules, however, that because this matter is being litigated on an expedited basis before the Ninth Circuit Court of Appeals, and will quickly be taken up by the United States Supreme Court, the Court will stay the effect of its ruling until the issue has been finally resolved. In the present case, the Court will sentence the defendants under both the Guidelines and the pre-existing law.

### ORDER

The Court has before it a motion to invalidate the Sentencing Reform Act of 1984, as amended by the Sentencing Act of 1987. In accordance with the views expressed in the memorandum decision accompanying this order,

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion by defendants to invalidate the Sentencing Reform Act of 1984, as amended by the Sentencing Act of 1987, be, and the same is hereby, GRANTED, and that the Sentencing Reform Act of 1984, as amended by the Sentencing Act of 1987, and the Guidelines promulgated thereunder, be, and the same are hereby, declared unconstitutional and without effect.

IT IS FURTHER ORDERED that this order is hereby stayed pending resolution

of this issue by the United States Supreme Court. The defendants in this case shall be sentenced under both the Guidelines and the pre-existing law.