Geraldine G. CANNON, Plaintiff,

v.

LOYOLA UNIVERSITY OF CHICAGO, Northwestern University, Rush-Presbyterian-St. Luke's Medical Center, Southern Illinois University, the University of Chicago, University of Health Sciences/the Chicago Medical School, Corporations, and the Board of Trustees of the University of Illinois, a Body Corporate, Defendants.

Nos. 84 C 8063, 86 C 5437.

United States District Court, N.D. Illinois, E.D.

June 21, 1988.

Nancy Schaefer, Karon Morrison & Savikas, Ltd., Chicago, Ill., for plaintiff.

William H. Oswald, Loyola University of Chicago, Thoams H. Morsch, Sidley & Austin, George F. Galland, Jr., Davis Barnhill & Galland, Stuart Bernstein, Mayer Brown & Platt, Eric A. Oesterle, Sonnenschein Carlin Nath & Rosenthal, William J. Sneckenberg, Chicago, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

ASPEN, District Judge:

Currently before the Court is Geraldine G. Cannon's motion "To Alter or Amend May 25, 1988 Judgment or Relief from the Order entered December 2, 1988 [sic]."

For the reasons stated below, we grant that motion in part and deny that motion in part. Cannon requests that we do the following: (1) Vacate our May 25, 1988 motion to the extent it denied Cannon's motion to alter or amend our December 2, 1987 order *Nunc Pro Tunc* as of January 5, 1988; (2) Vacate any fines which have accrued pursuant to our order of December 2, 1987, prior to Cannon's voluntary dismissal of case 87 C 4829 as to five defendants; (3) Vacate any fines that are currently accruing pursuant to our December 2, 1987 order; and (4) Vacate the finding of contempt in the 1984 case.

■ To the extent our order of May 25, 1988 purported to deny Cannon's motion to alter or amend our December 2, 1987 order in 86 C 5437 as of January 5, 1988, we vacate that portion. The denial of Cannon's motion to alter or amend our December 2, 1987 order, which Cannon filed on December 18, 1987, is denied as of May 25, 1988. The time for appeal runs from that date.

■ Because we only denied Cannon's December 18, 1987 motion to alter or amend our December 2, 1987 order in case number 86 C 5437 as of May 15, 1988, that is the date at which any fine could start to accrue. Therefore, there is no need to vacate any fines prior to that date. Cannon also requests that we vacate any currently accruing fines. We see no reason to do so. The purpose of the $100 per business day fine is to coerce Cannon to comply with our injunction of January 22, 1987, which we entered in case number 86 C 5437. She has not complied with that injunction. At Cannon's request, 87 C 4829 was reinstated as of May 25, 1988. Accordingly, the $100 per business day fine started as of May 26, 1988, and will continue until Cannon voluntarily dismisses 87 C 5437 in its entirety.

Cannon may in good faith believe we should never have entered the January 22, 1987 injunction. However, violation of an injunction is not the way to test the propriety of an injunction. We may or may not grant Cannon's other pending motion, "Plaintiff Geraldine G. Cannon's Motion for Relief from the Court's Orders of August 4, 1986, January 22, 1987 and December 2, 1987." Whether we do or not, the fact remains Cannon is currently in contempt of court for violating our January 22, 1987 injunction which specifically forbade her filing case number 87 C 4829. If Cannon wants 87 C 4829 to remain pending, she must pay the $100 per business day fine.

■ Finally, Cannon represents to the Court that she has complied with the requests to discover assets which formed the basis for our contempt sanctions on 84 C 8063. Therefore, she requests that we vacate our "finding of contempt in the 1984 case." We see no reason to vacate our finding of contempt. She was in contempt, and we made that finding. Unlike Cannon's contempt in 86 C 5437, her contempt in 84 C 8063 was not of a continuing nature. Thus, if what she really seeks is a declaration that there is no continuing contempt in 84 C 8063, we agree with that, but only to the extent that defendants have not notified us of any further violations. This does not mean that the sanctions we assessed in 84 C 8063 are no longer in effect. John M. Cannon is still disqualified from ever representing Geraldine G. Cannon in any proceeding arising out of the defendants' denials of her applications to their medical schools prior to August 4, 1986, and Cannon still must, if she has not already done so, pay defendants their attorneys' fees incurred in bringing the petition to show cause.

For the reasons stated above, we grant Cannon's motion in part and deny it in part. It is so ordered.