## UNITED STATES of America

v.

## William Waddell BROWN, Jr.

### Crim. No. 88–00010–01.

United States District Court,
E.D. Pennsylvania.

July 21, 1988.

As Amended July 26, 1988.

---

Linda Dale Hoffa, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Quentin Z. Brooks, Philadelphia, Pa., for defendant.

## MEMORANDUM

NEWCOMER, District Judge.

I have before me defendant William Waddell Brown's various presentencing motions attacking both the applicability and the validity of the sentencing guidelines that were promulgated by the United States Sentencing Commission (Commission) pursuant to the Sentencing Reform Act of 1984, 28 U.S.C. §§ 991–998 (1987). For the reasons stated below, I find the guidelines unconstitutional.

### I. *Factual Background*

Defendant was arrested on November 25, 1987 on charges of illegally manufacturing methamphetamine and phenyl–2–proponone in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Court found defendant guilty on all counts after a bench trial held April 4–5, 1988. Defendant's motion for a

new trial was denied July 12, 1988. Defendant thereafter filed two motions challenging the sentencing procedure that will apply to his case.

### II. *Parties' Contentions*

Defendant initially argues that the sentencing guidelines should not apply to the "manufacturing" counts of the indictment, counts one and two, because the government failed to prove that criminal conduct occurred after November 1, 1987, the effective date of the guidelines. In the alternative, defendant contends that the sentencing guidelines are invalid because they are unconstitutional. Defendant claims that the guidelines are unconstitutional on two grounds: (1) the Sentencing Reform Act and the sentencing guidelines violate the due process right of the defendant to present evidence and to challenge the basis of his sentence before a Court which has the authority to weigh the evidence and determine an appropriate sentence; and (2) the Sentencing Commission formed pursuant to the Sentencing Reform Act of 1984 offends the doctrine of separation of powers because it (a) is located in the judicial branch, (b) requires the service of at least three Article III judges, and (c) is subject to the President's removal power.

The government first suggests that this court should defer deciding the constitutional issues in this case until the United States Supreme Court rules on a case involving similar issues that will be heard this fall.[1] In the alternative the government claims the guidelines are clearly valid on due process grounds. Regarding the separation of powers issue, the government claims that the Sentencing Commission is an executive agency performing the executive functions of implementing the sentencing policy considerations established by Congress. It is the government's position that the Court should sever from the Sentencing Reform Act those provisions of 28 U.S.C. § 991(a) in which Congress designates the Commission as an independent

1. *United States v. Johnson,* 682 F.Supp. 1033 (W.D.Mo.1988) *(en banc) cert. granted sub nom.*

*United States v. Mistretta,* —— U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988).

commission in the judicial branch to avoid separation of powers problems altogether.

The Sentencing Commission was granted leave to file an *amicus curiae* brief by an order of this Court dated July 14, 1988. The Commission, unlike the government, contends that it is properly located in the judicial branch, and that its functions are judicial because it issues rules that are designed solely to assist federal judges in pronouncing and imposing sentences. The Commission states that Congress can delegate a wide variety of nonadjudicative duties to the judicial branch, so long as these duties can reasonably be classified as being in aid of the judicial role. Further, judges can serve on the Commission because they do so in an individual, rather than judicial capacity. Finally the President's power to remove commissioners does not impose unreasonable executive branch control over the commission.

## III. *Discussion*

### A. The Court Will Not Defer its Decision

■ Contrary to the government's suggestion, the Court will not defer its decision in this case simply because a case that is similar in some issues has recently been granted *certiorari* by the United States Supreme Court. *United States v. Johnson,* 682 F.Supp. 1033 (W.D.Mo.1988) (en banc) *cert. granted sub nom United States v. Mistretta,* —— U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988).[2] Because it involves both similar and separate and distinct issues, *Johnson* will not necessarily resolve the issues raised by defendant's motions. Further, the Supreme Court is

not hearing argument until its fall term. The Court will probably not deliver a decision until late fall or the end of 1988 at the earliest. It would be patently unfair to make defendant wait that long to receive sentences for his crimes.

The issues raised by defendant, or other similar issues, have been decided in at least 194 cases before district courts. Since the effective date of the sentencing guidelines, at least 78 district court judges have denied challenges to the guidelines and 116 district court judges have declared the guidelines unconstitutional. See Government's brief at p. 2–3. Appeals challenging the guidelines are pending in the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuit Courts of Appeals. *See* Appendix A to this opinion for a review of some of the relevant authority. The holdings of the district courts vary in both result and reasoning.[3] Despite the diversity of rationale and result in the opinions, all courts agree that speedy appellate review will be a welcome development.

Although it would probably be difficult to add much to the extensive judicial discussion on the constitutional issues involved in this case, the federal criminal justice system should not be put "on hold" pending appellate review. Finding that defendant has standing to proceed and that all issues are ripe[4] for decision, I will consider defendant's motions.

### B. The Guidelines Apply to Defendant's Case

Defendant argues that the sentencing guidelines should not be used in determin-

---

**2.** It is important to note that *Johnson* involved a constitutional challenge to Congress' delegation of legislative power. The due process and separation of powers concerns raised in the case at bar were not addressed in *Johnson.*

**3.** The guidelines have been upheld as the result of a proper exercise of an executive function, *United States v. Chambless,* 680 F.Supp. 793 (E.D.Pa.1988); *Johnson,* 682 F.Supp. at 1033, a judicial function, *United States v. Ruiz–Villanueva,* 680 F.Supp. 1411 (S.D.Cal.1988), and a legislative-executive function, *United States v. Schwartz,* 692 F.Supp. 331 (1988).

The guidelines have been struck down as violative of due process, *United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.1988), the doctrine of separation of powers, *United States v. Arnold,* 678 F.Supp. 1463 (S.D.Cal.1988) and as constituting an overly broad delegation of the legislative power to proscribe punishment, *United States v. Brodie,* 686 F.Supp. 941 (D.D.C.1988); *United States v. Estrada,* 680 F.Supp. 1312 (D.Minn. 1988).

**4.** *United States v. Frank,* 682 F.Supp. 815 (W.D. Pa.1988) (standing and ripeness requirements satisfied).

ing his sentence because the government did not establish that defendant manufactured methamphetamine and phenyl-2-proponone after November 1, 1987, the effective date of the sentencing guidelines. Defendant's claim is erroneous. By an order dated July 12, 1988 this Court denied defendant's motion for a new trial which asserted a similar argument that the government did not prove that defendant manufactured the substances and that he did it "on or about" November 25, 1987. For the same reasons stated in this Court's order of July 12, 1988, the Court now holds that sufficient evidence was offered at trial to prove that defendant was manufacturing the relevant substances after the effective date of the sentencing guidelines, November 1, 1987. The guidelines therefore apply to defendant's case in its entirety.

### C. The Sentencing Commission and Guidelines

A brief history of the Sentencing Commission and the sentencing guidelines will aid the court's analysis.[5] Congress created the United States Sentencing Commission in the Sentencing Reform Act of 1984, 28 U.S.C. § 991(a), to devise sentencing guidelines for the federal courts. The Commission is an ongoing organization composed of seven voting and two nonvoting members appointed by the President with the advice and consent of the Senate, 28 U.S.C. § 991(a). Of the seven voting members, three must be federal judges selected from a list of six judges recommended by the Judicial Conference. A member of the Commission may be removed by the President "only for neglect of duty or malfeasance in office or for other good cause shown." 28 U.S.C. § 991(a).

Under the Act, the Commission is directed to "establish sentencing policies and practices for the federal criminal justice system ... [and] develop means of measuring the degree to which the sentencing, penal, and corrective practices are effective in meeting the purposes of sentencing as set forth in section 3553(a)(2) of title 18, United States Code." 28 U.S.C. § 991(b). The Commission is further directed to:

[P]romulgate and distribute to all courts of the United States and to the United States Probation System—(1) guidelines, as described in this section, for use of a sentencing court in determining the sentence to be imposed in a criminal case, [and] ... (2) general policy statements regarding application of the guidelines or any other aspect of sentencing or sentence implementation that in the view of the Commission would further the purposes set forth in section 3553(a)(2) of Title 18, United States Code....

28 U.S.C. § 994(a).

Pursuant to this directive, the Commission promulgated an extensive set of guidelines that federal judges must apply when sentencing defendants for offenses committed after November 1, 1987. The purpose of the guidelines is to provide certainty and fairness in sentencing and to avoid disparities between sentences imposed on similar offenders for similar offenses. *See* 28 U.S.C. § 991(b)(1)(B).

In pursuit of this goal, the Commission created a set of tables from which various numerical values are derived and used to determine the offender's ultimate sentence. A defendant may only be sentenced outside the guidelines where "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." 18 U.S.C. § 3553(b). Furthermore, departure from the guidelines is warranted only if the factor is present to a degree substantially in excess of that which ordinarily is involved in the offense of conviction. Sentencing Guidelines,

---

5. For a nice review of the history and modern view of sentencing and incarceration, see *United States v. Mendez*, 691 F.Supp. 656 (S.D.N.Y.1988). Judge Michael B. Mukasey describes the evolution of indeterminate sentences from determinate sentences in the early days of the Republic. As of the late Nineteenth Century, Parole Boards began to tailor punishment to the offender and not merely the crime. A movement towards uniformity in sentencing, however, began with Congressional action in 1958 which ultimately culminated in the Sentencing Reform Act.

**1428**

§ 5K2 (Policy Statement). Factors such as age, educational and vocational skills, mental and emotional conditions, physical condition, including drug abuse, previous employment record, family ties and responsibilities and community ties are not ordinarily relevant in determining whether a defendant should be sentenced outside the guidelines. *See* Sentencing Guidelines, §§ 5H1.1–1.5.

Defendant attacks this sentencing procedure on various constitutional grounds.

### D. Separation of Powers

Defendant contends that the Sentencing Commission formed pursuant to the Sentencing Reform Act offends the doctrine of separation of powers because it (a) is located in the judicial branch, (b) requires the service of at least three Article III judges, and (c) is subject to the president's removal power. Both the government and the Sentencing Commission disagree.

After reviewing the abundance of case law on this specific issue, and fully cognizant of the ultimate effect of this ruling, I must agree with defendant that the location, composition and removability of the Sentencing Commission offends the doctrine of separation of powers.[6]

The purpose of the separation of powers doctrine is to prevent the concentration of executive, legislative and judicial power within a single branch of government. *See, e.g.,* The Federalist No. 47 at 326 (J. Madison) (J. Cooke ed. 1961). "The declared purpose of separating and dividing the powers of the government, of course, was to difus[e] power the better to secure liberty." *Bowsher v. Synar,* 478 U.S. 714, 721, 106 S.Ct. 3181, 3186, 92 L.Ed.2d 583, 593 (1986) (quoting *Youngstown Steel & Tube Co. v. Sawyer,* 343 U.S. 579, 635, 72

S.Ct. 863, 870, 96 L.Ed. 1153 (1952) (Jackson, J. concurring)). Although it is not required that the three branches operate with absolute independence, *Morrison v. Olson,* —— U.S. ——, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988), "[t]he hydraulic pressure inherent within each of the separate Branches to exceed the outer limits of its power, even to accomplish desirable objectives, must be resisted." *INS v. Chadha,* 462 U.S. 919, 951, 103 S.Ct. 2764, 2784, 77 L.Ed.2d 317 (1983).

The separation of powers doctrine may be violated in two ways: (1) when one branch prevents or interferes with another branch's fulfillment of its constitutionally assigned function; or (2) when one branch assumes power constitutionally allocated to another branch. *Chadha,* 462 U.S. at 963, 103 S.Ct. at 2790 (Powell, J. concurring). Defendant's constitutional attack upon the guidelines implicates each of these possibilities.

██ Defendant's first objection that the Sentencing Commission is unconstitutionally located in Judicial Branch is meritorious. The Court agrees with the defendant and with the government that the Act impermissibly locates the Commission within the Judicial Branch. Even though Section 991(a) specifically places the Commission within the Judicial Branch, the Commission does not function in a judicial capacity.[7] Courts disagree regarding the Commission's exact function, with some courts classifying it as executive, *United States v. Scott,* 688 F.Supp. 1483 (D.N.M. 1988); *United States v. Velez–Naranjo,* 691 F.Supp. 584 (D.Conn.1988); *United States v. Dibiase,* 687 F.Supp. 44 (D.Conn.1988); *United States v. Lopez,* 684 F.Supp. 1506 (C.D.Cal.1988) (*en banc*); *United States v. Wilson,* 686 F.Supp. 284 (W.D.Okla.1988); *United*

---

**6.** The court is also aware that it must start its analysis with a presumption that the legislative action is valid, *INS v. Chadha,* 462 U.S. 919, 944, 103 S.Ct. 2764, 2780, 77 L.Ed.2d 317 (1983), and construe its meaning to avoid constitutional conflicts, *Driscoll v. Edison Light & P. Co.,* 307 U.S. 104, 114–15, 59 S.Ct. 715, 720, 83 L.Ed. 1134 (1939).

**7.** The court cannot accept the Sentencing Commission's contention that their power is analogous to that bestowed to create the Federal Rules of Civil Procedure. The Commission's work goes beyond mere procedure as it directly affects the substantive law of criminal sentencing. *Cf. Miller v. Florida,* —— U.S. ——, 107 S.Ct. 2446, 2453, 96 L.Ed.2d 351 (1987) (Change in Florida's sentencing guidelines was substantive rather than procedural).

*States v. Smith,* 686 F.Supp. 847 (D.Colo. 1988); *United States v. Molander,* 683 F.Supp. 701 (W.D.Wis.1988); *United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.1988); *United States v. Arnold,* 678 F.Supp. 1463 (S.D.Cal.1988) and other courts labelling it legislative, *United States v. Bogle,* 689 F.Supp. 1121 (S.D.Fla.1988) *(en banc); United States v. Brittman,* 687 F.Supp. 1329 (W.D.Ark.1988) *(en banc); United States v. Estrada,* 680 F.Supp. 1312 (D.Minn.1988). Additionally, another court that has considered the issue has determined that the activity is extrajudicial regardless of how it is characterized. *United States v. Rosario,* 687 F.Supp. 424 (N.D.Ill.1988).

Article III of the Constitution limits the judicial power in this country to the resolution of cases and controversies. U.S. Const., art. III, § 2, cl. 1. The Commission, however, does not decide cases or controversies. Rather, the Commission promulgates rules and policy statements interpreting and elaborating on standards delineated by Congress. Regardless whether this activity is deemed executive or legislative in nature, it is clearly nonjudicial. Where the Commission performs nonjudicial duties within the Judicial Branch, Article III of the Constitution and the doctrine of separation of powers are offended. *See United States v. Arnold,* 678 F.Supp. 1463, 1470 (S.D.Cal.1988) (executive function) and *United States v. Estrada,* 680 F.Supp. 1312, 1329 (D.Minn.1988) (legislative function).

■ The government suggests that the court redesignate the Commission within the executive branch by severing the designating language from the act to cure the constitutional deficiencies. A court may sever unconstitutional statutory language where necessary to preserve a statute. *Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 107 S.Ct. 1476, 1480–81, 94 L.Ed.2d 661 (1987). It is inappropriate to do so if the court action will unduly frustrate Congressional intent. *U.S. v. Arnold,* 678 F.Supp. at 1470. The court in *Arnold* left

to Congress the task of amending the Act because it found a Congressional intent to place the Commission in the Judicial Branch. An examination of the Senate Report revealed "the Committee's *strong* feeling that, even under the legislation, sentencing should remain primarily a judicial function." S.Rep. No. 98–225, 98th Congress, 1st Sess. (1983), *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3342. Similarly, this Court will not ignore clear Congressional intent by severing the designating language.

■ Even if the Commission were located in the Executive Branch, or if it were considered an independent agency as is suggested by both the government and Commission, its composition would undermine its constitutionality. By requiring that three article III judges participate on the Commission, the act unconstitutionally impairs the functions of the individual judge–Commissioners and the Judicial Branch as a whole.

In determining the propriety of the inclusion of Article III judges on the Commission, the Court must focus on the extent to which this activity prevents the Judicial Branch from accomplishing its constitutionally assigned functions. *Nixon v. Administrator of General Services,* 433 U.S. 425, 443, 97 S.Ct. 2777, 2790, 53 L.Ed.2d 867 (1977); *Matter of President's Commission on Organized Crime Subpoena of Scarfo,* 783 F.2d 370, 375 (3rd Cir.1986).[8] The Court must then consider whether the impact is justified by an overriding need to promote objectives within the constitutional authority of the acting branch. *Nixon,* 433 U.S. at 425, 97 S.Ct. at 2780.

■ A full analysis of both the quantitative and qualitative impairment of the judge–Commissioners and the Judicial Branch was performed by the court in *United States v. Arnold,* 678 F.Supp. 1463, 1470–73. The Court agrees with the reasoning of the court in *Arnold.* To begin

---

8. The result in *Scarfo* is not controlling here because, unlike in *Scarfo,* judicial participation on the Commission is mandatory, 783 F.2d at 376 n. 3, and also because the commission in

*Scarfo* did not legislate as some courts have found is done by the Sentencing Commission. See *United States v. Estrada,* 680 F.Supp. 1312, 1335 n. 31 (D.Minn.1988).

with, the judge–Commissioners are required to serve in a nonjudicial capacity on a full-time basis for at least six years. Therefore, their ability to perform their Article III duties is totally impaired for that time frame and also further into the future since they may have to recuse themselves from considering criminal cases after they have served on the Commission. The judges' absence necessarily increases the workload of their colleagues. This impairment alone, however, is not sufficient to create a violation of the principle of separation of powers.

The qualitative impairment of the judge–Commissioners and the Judicial Branch is undeniable. Federal judges must remain impartial and independent to properly perform their judicial function. *Arnold*, 678 F.Supp. at 1471. Even the appearance of partiality must be avoided. Code of Judicial Conduct, Canons 2 and 3.

Service of judges on the Sentencing Commission threatens both the impartiality and independence of the Judicial Branch.[8a]

The judges on the Sentencing Commission are in constant contact with members of the Executive Branch[9] as they participate in setting policy and promulgating substantive rules. They serve as the minority of voting members who are subject to lobbying efforts by the remainder of the Commission. Their responsibilities as Commissioners also include training other members of the judiciary in the use of the guidelines, 28 U.S.C. § 995(a), which may lead to a passing on of any particular interpretation, bias or policy maintained by the judge–Commissioners to other members of the bench.

The judge–Commissioners potentially maintain dual roles, one Executive and one Judicial. Not only do they work with Executive Branch members on executive-type work, they are also subject to the threat of removal by the President. This interbranch control is simply impermissible. *Bowsher v. Synar*, 478 U.S. at 727, 106 S.Ct. at 3189, 92 L.Ed.2d at 597.

By requiring that Article III judges participate on the Sentencing Commission, Congress has "threatened the very essence of the Judicial Branch—its actual and apparent impartiality and independence." *Arnold*, 678 F.Supp. 1463, 1472. The entire Judicial Branch participates in selecting the judge–Commissioners as they must be recommended by the Judicial Conference. Thus the excessive intermingling between the Judicial and Executive Branches continues. Although bias and impartiality are often impossible to predict, the perception of impartiality by litigants and the public are sufficient to offend the doctrine of separation of powers. *Arnold*, 678 F.Supp. 1463, 1472.

■ The government and the Sentencing Commission have not demonstrated a sufficient contervailing need justifying inclusion of Article III judges on the Commission. Mandatory participation on the Commission was not necessary. The judges could have been invited to give their insight and input in many other ways. For examples, judges could provide information on a voluntary advisory basis, or they could testify at hearings. Alternatively, judicial insight could have been solicited through existing institutions such as the Judicial Confer-

**8a.** *But cf. In re Sealed Case*, 838 F.2d 476 (D.C. Cir.1988), *rev'd Morrison v. Olson*, — U.S. —, 108 S.Ct. 2597, 101 L.Ed.2d 569 (1988). The holding in *Morrison* that service of three federal judges on a "special court" to appoint an independent counsel does not threaten the impartiality and independent federal adjudication of claims within the Judicial Branch does not control the contrary conclusion reached by this Court. The federal judges on the Special Division in *Morrison* were empowered to perform very limited duties that did not include the formulation of policy as is performed by the judges on the Sentencing Commission. The Court in *Morrison* stated that the functions the judges were empowered to perform were not inherently "executive" in nature unlike the executive functions performed by the judges on the Sentencing Commission. Finally, the Court in *Morrison* held that the Act did not create any judicial usurpation of properly executive functions unlike the encroachment on executive domain present in the case at bar.

**9.** Two representatives of the President, the Attorney General and the Chairman of the Parole Commission, are *ex officio* members of the Commission.

ence. Circuit Judge Heaney, sitting by designation stated,

> The practical argument—that judicial participation is necessary to formulate guidelines—is both powerful and appealing. Nonetheless, the price paid for judicial experience and wisdom is too high; namely, violation of the delicate balance of powers in our government; and the attendant loss by the judiciary of the independence and impartiality necessary to perform its constitutional duty.

*United States v. Estrada,* 680 F.Supp. 1312, 1339 (D.Minn.1988). The Guidelines were promulgated by a constitutionally flawed commission so they must be held invalid.[10] Since the Court has held the guidelines unconstitutional on separation of powers grounds, it will not reach the due process grounds of defendant's challenge.[11]

### E. Relief

Just as courts disagree on the reasoning and result in the sentencing guideline challenges, they also vary greatly in their ultimate treatment of the guidelines. *See United States v. Williams,* 691 F.Supp. 36 (M.D.Tenn.1988) for a discussion of how courts have proceeded once they determine the guidelines are unconstitutional.

■ In deference to Congress, and in recognition of the huge number of work hours and resources that have been expended in producing the Act and the guidelines, this court will follow the lead of *United States v. Brodie,* 686 F.Supp. 941 (D.D.C.1988) and *United States v. Bolding,* 683 F.Supp. 1003 (D.Md.1988) (*en banc*)

and stay the effect of this memorandum and order and sentence defendant under the 1984 Act and guidelines until the constitutionality of the Act has been decided.

### APPENDIX A

*Constitutional Challenges to the United States Sentencing Guidelines*

List of Court Decisions & Appeals

### I. Supreme Court Status

*United States v. John M. Mistretta,* Nos. 87–1904 and 87–7028 (U.S. June 13, 1988). Petition for a *writ* of *certiorari* granted before judgment to the United States Court of Appeals for the Eighth Circuit [—— U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920].

### II. Appellate Court Status

#### A. Second Circuit

*United States v. Martinez,* C.A. No. 88–1183 (U.S. appeal from S.D.N.Y. April 11, 1988).

#### B. Third Circuit

*United States v. Frank,* C.A. Nos. 88–3220/88–3268 (U.S. appeal from W.D.Pa. March 30, 1988).

#### C. Fourth Circuit

*United States v. Bolding,* C.A. No. 88–5820 (U.S. appeal from the D.Md. April 14, 1988).

#### D. Fifth Circuit

*United States v. White,* C.A. No. 88–1073 (Defendant appeal from W.D.Tex. January 25, 1988).

---

**10.** Even if the three affirmative votes approving the guidelines of the judge–Commissioners were stricken, the guidelines would not have been properly approved. 28 U.S.C. § 994(a) requires an affirmative vote of at least four Commissioners. The Commission vote to approve the guidelines was six in favor and one opposed. The vote of opposition was cast by a nonjudge–Commissioner, Paul H. Robinson, so that there were not four affirmative nonjudge–Commissioner votes for approval. *Arnold,* 678 F.Supp. 1463, 1472 (S.D.Cal.1988).

**11.** Contrary opinions exist within this circuit on the due process issue. *Compare United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.1988) with *United States v. Kerr,* 686 F.Supp. 1168 (W.D.Pa.

1988). The issue is squarely before the Third Circuit Court of Appeals in the appeal of *Frank* with oral argument scheduled for July 28, 1988. Due Process challenges similar to defendant's claim have been held meritorious in the following cases: *United States v. Scott,* 688 F.Supp. 1483 (D.N.M.1988); *United States v. Brittman,* 687 F.Supp. 1329 (E.D.Ark.1988) (*en banc*); *United States v. Perez,* 685 F.Supp. 990 (W.D. Tex.1988); *United States v. Brodie,* 686 F.Supp. 941 (D.D.C.1988); *United States v. Lopez,* 684 F.Supp. 1506 (C.D.Cal.1988) (*en banc*); *United States v. Elliott,* 684 F.Supp. 1535 (D.Colo.1988); *United States v. Martinez–Ortega,* 684 F.Supp. 634 (D.Idaho 1988); *United States v. Bolding,* 683 F.Supp. 1003 (D.Md.1988) (*en banc*).

*United States v. Chambless*, C.A. No. 88–3215 (Defendant appeal from E.D.La. March 9, 1988).

*United States v. Ocabe*, C.A. No. 88–3233 (Defendant appeal from E.D.La. Mar. 23, 1988).

*United States v. Ortega*, C.A. No. 88–1247 (Defendant appeal from W.D.Tex. Mar. 23, 1988).

E. *Sixth Circuit*

*United States v. Franco*, C.A. No. 88–5349/5350/5351 (Defendant appeal from E.D.Ky. Mar. 21, 1988).

F. *Seventh Circuit*

*United States v. Molander*, C.A. No. 88–1804 (U.S. appeal from W.D.Wis. Apr. 7, 1988).

G. *Eighth Circuit*

*United States v. Estrada*, C.A. No. 88–5140MN/Cross Appeal No. 88–5179MN (D.Minn. Mar. 31, 1988).

*United States v. Thorne*, C.A. No. 88–1684WM (Defendant appeal from W.D.Mo. Apr. 1, 1988).

H. *Ninth Circuit*

*Gubiensio–Ortiz v. Kanahele*, C.A. No. 88–5848.

*United States v. Chavez–Sanchez*, C.A. No. 88–5109.

I. *Tenth Circuit*

*United States v. Smith*, C.A. No. 88–1657 (U.S. appeal from D.Colo. Mar. 25, 1988).

*United States v. Tolbert*, C.A. No. 88–1755 (U.S. appeal from D.Kan. Apr. 8, 1988).

J. *Eleventh Circuit*

*United States v. Terrell*, C.A. No. 88–8368 (Defendant appeal from N.D.Ga. May 16, 1988).

*United States v. Allen*, C.A. No. 88–7367 (U.S. appeal from N.D.Ala. May 18, 1988).

III. *District Court Status*

Part A. District Courts Upholding Guidelines

1. *First Circuit*

*D.Mass.*

*United States v. Alves*, Crim. No. 88–11–MA (D.Mass. April 21, 1988).

*United States v. Seluk*, Crim. No. 88–107–K (D.Mass. July 5, 1988).

2. *Second Circuit*

*E.D.N.Y.*

*United States v. Campino*, CR 87–816 (E.D.N.Y. May 23, 1988).

*United States v. Henao–Ospina*, CR 87–779 (E.D.N.Y. June 14, 1988).

3. *Third Circuit*

*D.Del.*

*United States v. Schwartz*, 87103 MMS (D.Del. July 8, 1988).

*W.D.Pa.*

*United States v. Kerr*, CR 87–791 (W.D.Pa. Jun. 13, 1988).

D. *Virgin Islands*

*United States v. Hodge*, CR No. 88–04 (D. Virgin Islands, May 31, 1988).

4. *Fourth Circuit*

*D.S.C.*

*United States v. Dixon, et al.*, Crim. No. 3:88–21–16 (D.S.C. Apr. 27, 1988).

*E.D.N.C.*

*United States v. Richardson*, 88–8–01–CR–3 (E.D.N.C. May 16, 1988).

*E.D.Va.*

*United States v. Griffin*, 88–00002–A (E.D.Va. June 17, 1988).

5. *Fifth Circuit*

*W.D.Tex.*

*United States v. Ortega*, EP–87–CR–274 (W.D.Tex. Mar. 23, 1988) (appeal docketed).

*United States v. Montez*, SA–87–CR–300 (W.D.Tex. July 1, 1988).

*S.D.Tex.*

*United States v. Sergio–Randan*, L–87–413 (S.D.Tex. Mar. 2, 1988) (notice of appeal filed).

*United States v. Galvan*, C–87–307 (S.D. Tex. Apr. 29, 1988) (notice of appeal filed May 5, 1988). *But see* contrary ruling by Judge Head apparently overruling this decision in *United States v. Coburn*, C–88–5 (S.D.Tex. May 27, 1988).

*E.D.La.*

*United States v. Chambless,* 680 F.Supp. 793 (E.D.La.1988) (appeal docketed).

*W.D.La.*

*United States v. Gentry,* No. 87–500–62 (W.D.La. Jun. 22, 1988).

6. *Sixth Circuit*

*E.D.Ky.*

*United States v. Franco,* No. 87–44 (E.D.Ky. Mar. 21, 1988); (appeal docketed).

*W.D.Tenn.*

*United States v. Smith,* No. 87–20219–4 (W.D.Tenn. May 20, 1988).

*United States v. Landers,* No. 88–20022–TU (W.D.Tenn. June 24, 1988).

*E.D.Tenn.*

*United States v. Smith,* CR–1–88–11 (E.D.Tenn. Mar. 30, 1988).

*N.D.Ohio*

*United States v. Johnson,* CR 87–793–02 (N.D. Ohio June 2, 1988).

*S.D.Ohio*

*United States v. Osterbrook,* CR 188–0001–1 (S.D. Ohio May 26, 1988).

*W.D.Mich.*

*United States v. Mead & Sanchez,* No. G87–13501–CR (W.D.Mich. Mar. 31, 1988) (notice of appeal filed).

*E.D.Mich.*

*United States v. Sparks,* No. 88–CR–20019–BC (E.D.Mich. Jun. 7, 1988).

7. *Eighth Circuit*

*W.D.Mo.*

*United States v. Johnson,* 682 F.Supp. 1033 (W.D.Mo.1988) (*en banc*), *cert. granted sub. nom. United States v. Mistretta,* Nos. 87–1904 and 87–7028 (U.S. June 13, 1988).

*E.D.Mo.*

*United States v. Tharp,* 87–273 CR(2) (E.D.Mo., May 26, 1988).

*D.No.Dak.*

*United States v. Kirk,* C28802 (D.N.D. Apr. 12, 1988).

8. *Ninth Circuit*

*E.D.Cal.*

*United States v. Morse,* CR 88–002 (E.D. Cal. June 6, 1988).

*S.D.Cal.*

*United States v. Ruiz–Villanueva,* 680 F.Supp. 1411 (S.D.Cal.1988).

*N.D.Cal.*

*United States v. Myers,* No. CR87–0902–TEH (N.D.Cal. Apr. 11, 1988).

*W.D.Wash.*

*United States v. Amesquita–Padilla,* No. CR87–264R (W.D.Wash. Apr. 20, 1988).

*United States v. Knox,* No. CR88–11D (W.D.Wash. Apr. 21, 1988).

*D.Ariz.*

*United States v. Macias–Pedroza,* Cr. 88–13 TUC RMB (D.Ariz. Apr. 19, 1988).

*D. Oregon*

*United States v. Belgrad,* Cr. No. 88–5–PA (D.Oreg. Jun. 30, 1988).

*D. Alaska*

*United States v. Webb,* No. A88–010–CR (D. Alaska Jun. 22, 1988).

*D. Montana*

*United States v. Healy,* 87–82–GF (D.Mont. April 11, 1988).

9. *Eleventh Circuit*

*N.D.Ga.*

*United States v. Erves,* Crim. No. 87–178–A (N.D.Ga. Mar. 23, 1988) (notice of appeal filed).

*S.D.Ga.*

*United States v. Campbell,* Criminal No. 188–003 (S.D.Ga. May 16, 1988).

*M.D.Fla.*

*United States v. Clark–Cossio,* 88–06–CR–T–13(A) (M.D.Fla. May 16, 1988).

*M.D.Ala.*

*United States v. Childress,* No. 87–263–N (M.D.Ala. May 16, 1988).

10. *D.C.Circuit*

*United States v. Williams,* Crim. No. 88–0116 (D.D.C. Jun. 30, 1988).

Part B. District Courts Invalidating Guidelines

1. *Second Circuit*

*D.Conn.*

*United States v. Dibiase,* Cr. No. N–88–4 (JAC) (D.Conn. May 6, 1988) (notice of appeal filed).

*S.D.N.Y.*

*United States v. Martinez,* 87 Crim. 1020 (KTD) (S.D.N.Y. Apr. 11, 1988) (notice of appeal filed).

*United States v. Olivencia,* 88 Cr. 64 (PKL) (S.D.N.Y. Apr. 20, 1988).

*United States v. Mendez,* 88 Cr. 78 (S.D.N.Y. Jun. 16, 1988).

*E.D.N.Y.*

*United States v. Lara,* CR–87–785 (E.D.N.Y. May 16, 1988).

2. *Third Circuit*

*W.D.Pa.*

*United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.1988).

3. *Fourth Circuit*

*D.Md.*

*United States v. Bolding,* 683 F.Supp. 1003 (D.Md. Apr. 14, 1988) (*en banc*) (appeal docketed).

*E.D.N.C.*

*United States v. Styron,* 87–49–01–CR–4 (E.D.N.C. May 26, 1988).

*E.D.Va.*

*United States v. Chambers,* 88–67–N (E.D.Va. Jun. 29, 1988).

4. *Fifth Circuit*

*S.D.Tex.*

*United States v. Coburn,* C–88–5 (S.D.Tex. May 27, 1988).

*E.D.Tex.*

*United States v. Harper,* TX–88–1–CR (E.D.Tex. May 24, 1988).

*W.D.Tex.*

*United States v. Perez,* Cr. No. A–87–CR–116(1) and (2) (W.D.Tex. May 23, 1988).

5. *Sixth Circuit*

*E.D.Mich.*

*United States v. Sparks,* 88–CR–20019 BC (E.D.Mich. June 7, 1988).

*M.D.Tenn.*

*United States v. Williams,* No. 3–99–00014 (M.D.Tenn. Jun. 23, 1988) (*en banc*).

*W.D.Tenn.*

*United States v. Thomas,* No. 87–202186 (W.D.Tenn. June 7, 1988).

6. *Seventh Circuit*

*W.D.Wis.*

*United States v. Molander,* 683 F.Supp. 701 (W.D.Wis. Apr. 7, 1988) (appeal docketed).

*United States v. Brick,* Crim. No. 88–CR–6–C (W.D.Wis. Jun. 27, 1988).

*N.D.Ill.*

*United States v. Rosario,* 87–CR–968 (N.D.Ill. Jun. 23, 1988).

7. *Eighth Circuit*

*W.D.Mo.*

*United States v. Terrill,* No. 88–00013–06–CR–W–JW (W.D.Mo. June 13, 1988).

*D.Minn.*

*United States v. Estrada,* 680 F.Supp. 1312 (D.Minn.) (appeal docketed).

*United States v. Horton,* Crim. 4–87–128 (D.Minn. 4th Div. May 20, 1988).

*D.Ark.*

*United States v. Brittman,* LR–CR–87–194 (E.D.Ark. May 27, 1988) (*en banc*).

8. *Ninth Circuit*

*S.D.Cal.*

*United States v. Arnold,* 678 F.Supp. 1463 (S.D.Cal. Feb. 18, 1988).

*United States v. Chavez–Sanchez,* Crim. No. 87–133–JLI (S.D.Cal. Mar. 10, 1988) (appeal docketed).

*C.D.Cal.*

*United States v. Ortega–Lopez,* CR 88–050–R, *et al.* (C.D.Cal. May 5, 1988).

*E.D.Cal.*

*United States v. Andrade,* No. CRS–88–002–FAR (E.D.Cal. Apr. 13, 1988).

*W.D.Wash.*

*United States v. Hines,* CR 88–04–WD (W.D.Wash. May 11, 1988).

*E.D.Wash.*

*United States v. Diuzio,* CR–88–36–1 (E.D.Wash. Apr. 13, 1988).

*D. Idaho*

United States v. Martinez–Ortega, 684 F.Supp. 634 (D. Idaho May 6, 1988).

9. *Tenth Circuit*

*D.Colo.*

United States v. Smith, No. 87–CR–374 (D.Colo. Mar. 25, 1988) (notice of appeal filed).

United States v. Elliott, No. 87–CR–393 (D.Colo. Apr. 13, 1988).

*D.Kan.*

United States v. Tolbert, 682 F.Supp. 1517 (D.Kan.1988).

*N.D.Okla.*

United States v. Harris, No. 88–CR–6–B (N.D.Okla. Apr. 28, 1988).

*W.D.Okla.*

United States v. Wilson, No. CR–88–67–W (W.D.Okla. Apr. 19, 1988).

United States v. Rivas–Hernandez, CR–88–56–T (W.D.Okla. May 16, 1988).

*E.D.Okla.*

United States v. Scott, No. 88–11–CR (E.D.Okla. May 16, 1988).

*D.N. Mexico*

United States v. Scott, Crim. No. 88–031–JB (D.N.M. June 3, 1988).

10. *Eleventh Circuit*

*N.D.Ga.*

United States v. Russell, CR 88–7 (N.D.Ga. Apr. 29, 1988).

United States v. Tomkiel, CR 88–01R (N.D.Ga. June 28, 1988).

United States v. Kane, CR 87–37R (N.D.Ga. June 28, 1988).

*N.D.Ala.*

United States v. Allen, Criminal No. 88–8–4–S (N.D.Ala. May 18, 1988) (*per curiam*) (Notice of appeal filed).

*S.D.Ala.*

United States v. Juan Francisco Fonseca, Criminal No. 87–00159 (S.D.Ala. May 11, 1988).

United States v. Hector Diaz, et al., Criminal No. 87–00159 (S.D.Ala. May 11, 1988).

*S.D.Fla.*

United States v. Bogle, 87–856–CR–MARCUS (S.D.Fla. June 15, 1988) (*en banc*).

11. *D.C.Circuit*

*D.D.C.*

United States v. Brodie, Crim. No. 87–0492 (HG) (D.D.C. May 19, 1988).