**UNITED STATES of America, Plaintiff,**

v.

**Robert Vann WILSON, Defendant.**

**No. CR–88–67–W.**

United States District Court,
W.D. Oklahoma.

April 19, 1988.

William S. Price, U.S. Atty., Frank Michael Ringer, Asst. U.S. Atty., for U.S.

William P. Earley, Oklahoma City, Okl., for defendant.

### ORDER

LEE R. WEST, District Judge.

The defendant, Robert Vann Wilson, has been charged with a four count indictment alleging violations of title 18, section 1952 and title 21, sections 963 and 846 of the United States Code. Two counts involve acts allegedly committed on or after November 1, 1987, and thus defendant Wilson, if found guilty of these crimes, would fall under the sentencing provisions of the Sentencing Reform Act of 1984 (the Act), 28 U.S.C. §§ 991–998. The instant motion submitted by defendant Wilson challenges the constitutionality of this Act.

As part of the Comprehensive Crime Control Act of 1984, Congress revised, procedurally and substantively, the method of sentencing those found guilty of federal crimes. The new system has four principal purposes, 28 U.S.C. § 991(b), one of which is the use by federal judges of sentencing guidelines and rules to reduce alleged sentencing disparities. *Id.* § 991(b)(1)(B). To cure this perceived lack of consistency, Congress, instead of issuing guidelines itself, created the United States Sentencing Commission (the Commission), *id.* § 991(a), and charged it with the responsibility of

promulgating rules and policies which interpret and elaborate on standards enunciated by Congress. *Id.* § 994.

The Commission is composed of seven voting members and two nonvoting *ex officio* members. *Id.* § 991(a). The voting members are appointed by the President of the United States, with the advice and consent of the United States Senate, for staggered six-year terms, *id.* § 992(a), and they may be removed from their positions as Commission members by the President only for neglect of duty, malfeasance in office or other good cause. *Id.* § 991(a). At least three of the seven Commission members must be federal judges and the selection of these members is made from six federal judges recommended to the President by the United States Judicial Conference. *Id.* There are no restrictions on the appointment of the four remaining positions (except not more than four Commission members shall be of the same political party, *id.*), and the President, subject to the advice and consent of the Senate, appoints the Commission member to serve as Commission chairperson. *Id.*

These guidelines as now established by the Commission and under which defendant Wilson is to be sentenced if found guilty are alleged to be constitutionally defective on the grounds that the Act constitutes an impermissible delegation of authority and that the Act violates the separation of powers doctrine. Having determined that all issues are ripe for review at this stage of the proceeding so that defendant Wilson will be able to assess more accurately the consequences of tendering a plea of guilty or proceeding to trial by jury, *e.g., United States v. Arnold,* 678 F.Supp. 1463 (S.D. Cal.1988), and having examined the arguments and authorities submitted by the plaintiff, the United States of America, and defendant Wilson, the Court makes the following determination.

■ The defendant's first argument is based upon his contention that Congress has impermissibly delegated the task of fixing penalties for federal crimes to the Commission. Such argument was rejected in *Arnold* after the court found that the Act provided "ample statements of policy and specific rules to guide the Commission's exercise of the delegated authority." At 1468; *e.g., United States v. Ruiz–Villanueva,* 680 F.Supp. 1411 (S.D.Cal.1988); *United States v. Smith,* 686 F.Supp. 847 (D.Colo.1988); *United States v. Erves,* No. CR–87–47A (N.D.Ga. March 22, 1988); *United States v. Chambless,* 680 F.Supp. 793 (E.D.La.1988). This Court likewise finds that the Act can survive a challenge based upon delegation of legislative power.

■ The defendant's second argument that the Act violates the separation of powers doctrine is based on the fact that the Commission is statutorily located in the judicial branch of the government and on the fact that the Act mandates the service of at least three federal judges as Commission members. While the three branches of government are separate, they are not absolutely independent. *Nixon v. Administrator of General Services Administration,* 433 U.S. 425, 443, 97 S.Ct. 2777, 2790, 53 L.Ed.2d 867 (1977) (Constitution does not require branches to operate with absolute independence). Thus, the Court's inquiry must focus on the extent to which the Act prevents the judicial branch, the affected branch, and its components, the federal courts and federal judges, from accomplishing their constitutionally assigned functions. *Id.*

The Act expressly provides that the Commission "is established as an independent commission in the Judicial Branch of the United States...." 28 U.S.C. § 991(a). Despite this placement, Commission members perform nonjudicial functions.

Article III, section 2, clause 1 of the United States Constitution restricts the judicial branch and its members to resolution of cases and controversies. Commission members by the plain language of the Act decide no cases or controversies; their statutory duties instead are primarily to promulgate procedural and substantive guidelines and rules for use by federal judges in sentencing defendants found guilty of federal crimes. Such duties are nonjudicial in nature. *E.g., Bowsher v. Sy-*

*nar*, 478 U.S. 714, ——, 106 S.Ct. 3181, 3192, 92 L.Ed.2d 583 (1986) (interpreting law enacted by Congress to implement legislative mandate is "very essence of 'execution' of the law").

The Court finds that the separation of powers doctrine is further offended by the composition of the Commission since it impermissibly expands the function of the judiciary beyond constitutional limits by inviting federal judges to engage in nonjudicial activities and thus impairs their ability to perform their own constitutional mandate. As the court stated in *Arnold*, this impairment is both quantitative and qualitative. At 1470–72.

This Court is not overly concerned with the former, that is, Commission members, which are required to serve in nonjudicial capacities to fulfill the powers and duties conferred by Congress for at least six years, are hampered in their ability to perform constitutional duties; this Court is however convinced that the latter impairment poses a significant and insurmountable barrier.

The judges as are all Commission members are statutorily charged with the duty to promulgate procedural and substantive rules and guidelines directing the function of the federal criminal system. They are also faced with the threat of removal from Commission duties by the President. As federal judges, Commission members are required to preserve their impartiality and independence, *e.g., In re President's Commission on Organized Crime (Scaduto)*, 763 F.2d 1191, 1197 (11th Cir.1985) (impartiality is central, constitutionally-ordained requirement of federal judges); as Commission members, the judges are required to engage in duties which are subject to oversight by the President.

The doctrine of separation of powers

" 'preserves an independent and neutral judiciary, relatively removed from the decisions and activities of the other two branches. Discharging tasks other than the deciding of cases and controversies would "involve the judges too immediately in the process of policy and thereby weaken confidence in the disinterestedness of their judicatory functions." ' "

*Smith,* at 855 (quoting *In re Sealed Cases,* 838 F.2d 476, 512 (D.C.Cir.1988)) (quoting F. Frankfurter, *Advisory Opinions,* 1 Encyclopedia of the Social Sciences 475, 478 (1930)). The Court finds that imposition of such dual and conflicting duties and responsibilities on Commission members who are federal judges constitutes a violation of the doctrine of separation of powers. *Contra, Ruiz–Villanueva, supra; Erves, supra; Chambless, supra.*

While this Court is obligated to construe a challenged statute to preserve its constitutionality whenever possible and may sever the offending portion of a challenged statute to accomplish this task, the Court finds in the instant case that the statutory section which designates the location of the Commission is not susceptible to severance. The plain intent of Congress was to assign the Commission to the judicial branch. 28 U.S.C. § 991(a); *e.g.,* S.Rep. No. 225, 98th Cong., 2d Sess. 1, 163, *reprinted in* [1984] U.S.Code Cong. & Ad.News 3182, 3346 (placement of Commission in judicial branch based upon Committee's strong feeling that, even under this legislation, sentencing should remain primarily a judicial function).

The government in its pleading before this Court has stated that although fulfillment of express legislative intent to assign the Commission to the judicial branch raises potentially serious constitutional problems, the Commission can pass constitutional muster as an executive branch entity and that any separation of powers problem would disappear if the Court would deem the Commission as the same. This argument is based upon the government's contention that Congress was more concerned with sentencing reform than judicial placement. Despite the government's insistence that a label of judicial or executive is irrelevant, the Court finds that such clear expressions of legislative intent as to the assignment of the Commission militate against severance. *E.g., Arnold,* at 1469–70. *Contra, Erves,* slip op. at 4.

It is possible that those provisions of the Act which pertain to abolition of the Parole Commission or establish appellate procedures and which do not involve the Commission or its statutorily charged functions may be severed and thus preserved. However, determination of such issues is not necessary to resolution of the instant motion and should be given full and focused attention in some other proceeding.

While not advanced by defendant Wilson as a ground for finding the Act unconstitutional, the Court does note that it is doubtful that the Act and the guidelines promulgated thereunder could survive judicial scrutiny under the due process clause of the fifth amendment to the United States Constitution. *E.g., United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.1988) (sentencing guidelines do not adequately protect due process right of defendant to present evidence and challenge basis of sentence).

Accordingly, the Court finds that defendant Wilson's Motion to Declare Sentencing Guidelines Invalid should be and is hereby DENIED to the extent that it is based upon improper delegation of authority and should be and is hereby GRANTED to the extent that it is based upon the separation of powers doctrine.