UNITED STATES of America, Plaintiff,

v.

Andres RODRIGUEZ, Defendant.

No. 88–00088–01–CR–W–6.

United States District Court,
W.D. Missouri, W.D.

Aug. 9, 1988.

Dan Stewart, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

John R. Cullom, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Defendant, having been convicted of selling cocaine base ("crack"), has filed post-trial motions for a judgment of acquittal, a new trial, and a declaration that the Sentencing Reform Act is unconstitutional.

The Government's briefing adequately responds to the motions and they will be denied, with limited additional commentary.

## I.

██ This court has previously rejected blanket claims of unconstitutionality of the Sentencing Reform Act (28 U.S.C. §§ 991 *et seq.*) and Sentencing Guidelines. *United States v. Johnson,* 682 F.Supp. 1033 (W.D. Mo.1988), *cert. granted sub nom. United States v. Mistretta,* —— U.S. ——, 108 S.Ct. 2819, 100 L.Ed.2d 920 (1988). No further statement will be made on unlawful delegation or separation of powers. A due process objection was not referred to in the published opinion, but at the sentencing session on April 15, 1988, defendant's counsel preserved the issue for the record, and I denied what was referred to as a supplemental motion raising the due process issue. *United States v. Mistretta,* 682 F.Supp. 1033. The observation was made that

> I am not aware of any factor that is not available to me to consider (at sentencing) that would have made some difference favorable to the defendant if I had had it to consider. I think the due process argument, at least as applied, is clearly not supportive of the defendant's position.

In the present case the defendant presents a renewed due process argument by stating in his motion that the Sentencing Guidelines violate due process "by levying contrived, artificial sentences to defendants that in no manner match the crime committed." It is further stated that the punishment to be assessed under the Guidelines has "no reasonable correlation to the crime committed or extenuating or mitigating circumstances a judge unconstrained by these guidelines might consider."

██ Defendant has not been sentenced, and there is no issue specified that relates to the Guidelines as applied. Under the authority of *United States v. Frank,* 682 F.Supp. 815 (W.D.Pa.1988), it would be soundly ruled that an abstract, blanket assertion of due process violations cannot be raised by this defendant. *Frank* ruled there was a violation of due process in the assumed preclusion of consideration of "pending state court charges and ... (defendant's) family situation...." 682 F.Supp. at 818. I might well agree with the result of Judge Ziegler's analysis, and give some appropriate weight to the factors mentioned, but I would do so *under* the Guidelines rather than in spite of the Guidelines. While family and community ties are not "ordinarily relevant" to a departure, I am satisfied such considerations are not absolutely barred, and thus I would not have reached the constitutional issue. *See* Sentencing Guidelines, § 5H1.6, and 28 U.S.C. § 994(d) (family and community ties to be considered "only to the extent that they do have relevance"). In the only instance when I have departed from the Guidelines to minimize a sentence I did so because of a special family situation created by the need to imprison both parents for crimes that were serious, but not so grave as to make it unreasonable to consider the effect of imprisonment on defendants' small children. Having taken such factors into account before, I see nothing in the Guidelines making them inappropriate to consider in rare instances. As I construe them, the Guidelines simply require that there be no routine, controlling use of family situations, as by seldom or never imprisoning the mother having custodial responsibilities for small children.

My review of the recent due process cases fails to convince me I should now sustain a blanket due process objection to the Guidelines. Without attempting to note all the cases, it seems that some of the more impressive adverse decisions invoking due process are *United States v. Brittman,* 687 F.Supp. 1329 (E.D.Ark.1988); *United States v. Brodie,* 686 F.Supp. 941 (D.D.C.1988); *United States v. Ortega Lopez,* 684 F.Supp. 1506 (C.D.Cal.1988) (majority opinion); and *United States v. Bolding,* 683 F.Supp. 1003 (D.Md.1988). Notable opinions rejecting a blanket due process challenge include the forceful dissent in *Ortega Lopez, supra; United States v. Seluk,* 691 F.Supp. 525 (D.Mass.1988); *United States v. Belgard,* 694 F.Supp. 1488

(D.Ore.1988); *United States v. Landers,* 690 F.Supp. 615 (W.D.Tenn.1988); *United States v. Kerr,* 686 F.Supp. 1174 (W.D.Pa. 1988); and *United States v. Alves,* 688 F.Supp. 70 (D.Mass.1988). Without further discussion I conclude that the invalidating decisions relying on due process have not convinced me to reconsider the *Mistretta* decision, and the defendant's constitutional arguments are therefore rejected.

## II.

■ The trial in this case turned on identification of the seller by two law enforcement officers who made independent purchases a few minutes apart. Defendant objects to testimony that the seller made a threat as one of the officers was leaving. For reasons discussed at trial, I believe the statement was admissible. Even if not admissible, however, it could have had no prejudicial effect simply because it could have created hostility toward the actual seller. If defendant was not the seller, the possibility of hostility toward someone else could not affect defendant.

■ The trial occurred some months after the sales in question. The only identification of defendant by the witnesses was in the courtroom. Neither side tested the strength of the identification by asking whether the witnesses had been "primed" by viewing photographs before trial, so that the trial testimony may arguably have been essentially identifying defendant by relying on post-arrest photographs. Believing it was my obligation to help develop an important issue, I made such inquiry. The witness acknowledged viewing such a photograph. No objection was made by either side. When I began inquiry as to whether he had viewed a photo spread there was an objection, and at the urging of both sides I refrained from further inquiry. At the request of defendant, I subsequently told the jury to disregard any reference to photographs other than defendant's. Objection is made that my participation in the trial was excessive and prejudicial.

Prejudice to defendant is debatable. The most obvious point of the questioning was impeaching the Government witness; it turns out the trial testimony was arguably affected more by the post-arrest photograph than by viewing defendant at the time of purchasing crack. Some fact-finders might conclude the inquiry was helpful to the prosecution, however, in that it showed a prompt identification rather than one made after several months. My recollection of argument is that both sides avoided this apparently sensitive issue.

Different judges feel they have different responsibilities at trial. Some are fearful of excessively influencing jury consideration of the case, or fear appellate criticism or reversal. Others believe they have obligations to help the jury get at the truth, especially when counsel seem to be avoiding obvious questions. Still others may simply be tempted to get into the fray as advocates. It has been my practice to emphasize to the jury my neutral role, and to ask questions for clarification or to develop issues that would seem significant to a neutral observer. My intrusions are designed to be limited and temperate.

Further guidance from the court of appeals may be desirable, and apparently will occur here. I believe I have the support of precedent, however. An eloquent endorsement of judicial questioning in *Simon v. United States,* 123 F.2d 80, 83 (4th Cir.), cert. den., 314 U.S. 694, 62 S.Ct. 412, 86 L.Ed. 555 (1941), was cited in this circuit in *Dusky v. United States,* 271 F.2d 385, 399 (8th Cir.1959). It has repeatedly been stated that a judge at trial is not a " 'mere moderator' " (*Llach v. United States,* 739 F.2d 1322, 1329 (8th Cir.1984)), but has a distinct obligation to " 'see that justice is done'." *DeBenedetto v. Goodyear Tire & Rubber Co.,* 754 F.2d 512, 516 (4th Cir. 1985) (discussing juror questioning). *See also United States v. Woods,* 696 F.2d 566, 570–1 (8th Cir.1982).

The motion for new trial or for judgment of acquittal is hereby DENIED.

The motion to declare the Sentencing Reform Act unconstitutional is hereby DENIED.