**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Beverly BOGLE, Defendant-Appellee.**

**No. 88–5700.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1988.

Dexter Lehtinen, U.S. Atty., William F. Jung, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellant.

Donald A. Purdy, Jr., Deputy Gen. Counsel, U.S. Sentencing Com'n, Washington, D.C., for amicus curiae U.S. Sentencing Com'n.

Theodore J. Sakowitz, Federal Public Defender, Stewart Abrams, Asst. Federal Public Defender, Miami, Fla., for defendant-appellee.

Benson B. Weintraub, Benedict P. Kuehne, Sonnett, Sale & Kuehne, Miami, Fla., for amicus curiae Nat. Ass'n of Criminal Defense Lawyers.

Before RONEY, Chief Judge, HATCHETT and ANDERSON, Circuit Judges.

BY THE COURT:

Appellee Beverly Bogle was arrested and charged with importation and possession of cocaine at the Miami Airport on November 11, 1987. She subsequently pled guilty to the importation charge in exchange for the government's dropping the possession charge. After the guilty plea but prior to sentencing, Bogle filed a motion challenging the constitutionality of the new federal sentencing guidelines. *See* 28 U.S.C. § 991 *et seq.* (establishing the Sentencing Commission and empowering it to promulgate sentencing guidelines). The United States District Court for the Southern District of Florida, sitting en banc, consolidated this case with seven other cases for the purpose of considering the constitutional challenges to the guidelines.[1]

On June 15, 1988, the en banc court declared the guidelines unconstitutional. *United States v. Bogle*, 689 F.Supp. 1121 (S.D.Fla.1988). The government moved for a stay of the decision, and the district court denied the motion on June 30, 1988. That same day, Bogle was sentenced to five years in prison pursuant to the system of sentencing in use prior to the promulgation of the guidelines. On August 11, 1988, the district court issued an opinion explaining its decision to deny the stay. *United States v. Bogle*, 693 F.Supp. 1102, 1988 WL 84983 (S.D.Fla.1988).

The government has appealed the case on the merits. In the meantime, however, the government has filed a motion asking for an emergency stay of the district court's decision pending the resolution of the case on the merits. *See* Fed.R.App.P. 8. It is that motion alone which we consider today. Because we find that the government has not met the heavy burden necessary to justify a stay, we deny the motion.

## STANDARD OF REVIEW

At the outset, the parties disagree as to what standard we should use in considering the stay motion. Normally we consider those factors set forth in Eleventh Circuit Rule 27–1(b): (1) the likelihood the moving party will prevail on the merits; (2) the prospect of irreparable injury to the moving party if relief is withheld; (3) the possibility of harm to other parties if relief is granted; and (4) the public interest. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir.), *cert. denied*, 479 U.S. 889, 107 S.Ct. 289, 93 L.Ed.2d 263 (1986).

The government argues that this is not a normal case. The Supreme Court has taken the unusual step of granting certiorari before judgment in *United States v. Mistretta*, —— U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988), in order to resolve the constitutional questions concerning the guidelines.[2] Thus, the government reasons that we should use the standard that the

---

**1.** The other seven cases were: *United States v. Eutsey*, No. 87–858–CR–Kehoe; *United States v. Pena*, No. 88–14001–CR–Davis; *United States v. Fogel*, No. 88–8019–CR–Davis; *United States v. Paul*, No. 87–855–CR–Aronovitz; *United States v. Roberts*, No. 88–006–CR–Ryskamp; *United States v. Peoples*, No. 87–848–CR–Kehoe; and *United States v. Gomez*, No. 87–964–CR–Hastings. The cases are not consolidated on appeal, and *Bogle* is the only case before us today.

**2.** The questions presented in the *Mistretta* case are set out at 56 U.S.L.W. 2841. Granting certiorari before judgment has the effect of bypassing the court of appeals and taking the appeal directly from the district court to the Supreme Court. It is granted only in cases of "imperative public importance." Supreme Court Rule 18. *See, e.g., United States v. Nixon*, 418 U.S. 683, 686–87, 94 S.Ct. 3090, 3096–97, 41 L.Ed.2d 1039 (1974). The Supreme Court has jurisdiction to grant certiorari before or after judgment in any case "in the courts of appeals." 28 U.S.C. § 1254.

Supreme Court uses when deciding whether to stay an appellate court mandate pending resolution of a case in the Supreme Court. That standard requires: (1) a reasonable probability that four justices will vote to grant certiorari; (2) a fair prospect that the court will reverse the decision below; (3) a showing of irreparable injury if a stay is not granted; and (4) a balancing of the equities. *Rostker v. Goldberg*, 448 U.S. 1306, 1308, 101 S.Ct. 1, 2, 65 L.Ed.2d 1098 (1980) (Brenman, J., Circuit Justice); *Deaver v. United States*, —— U.S. ——, 107 S.Ct. 3177, 97 L.Ed.2d 784 (1987) (Rehnquist, C.J., Circuit Justice).

The government's argument has some force in the unusual circumstances of this case. However, we need not decide between the standards. In this case, the decision whether to grant the stay rests primarily on the balancing of the equities, and with regard to that aspect, the standards are essentially the same. That we couch our discussion in terms of the Eleventh Circuit factors does not indicate a substantive decision favoring that standard. It is simply a framework for the discussion.

## LIKELIHOOD OF SUCCESS

We need not linger long over this factor. That the constitutional issues in this case are complex and close is evidenced by the numerous conflicting decisions reached by federal courts which have considered them.[3] For this reason, our decision deny-

---

**3.** The only ruling to date by a circuit court of appeals is *Gubiensio-Ortiz v. Kanahele*, 857 F.2d 1245 (9th Cir.1988). The Ninth Circuit declared the guidelines unconstitutional.

The following district court cases have held the sentencing guidelines constitutional: *United States v. Weidner*, —— F.Supp. ——, 1988 WL 83854 (N.D.Ind.1988); *United States v. Rodriguez*, 691 F.Supp. 1252 (W.D.Mo.1988); *United States v. Whitfield*, 689 F.Supp. 954 (D.Minn. 1988); *United States v. Hickernell*, 690 F.Supp. 272 (S.D.N.Y.1988); *United States v. Schwartz*, 692 F.Supp. 331, 1988 WL 81044 (D.Del.1988); *United States v. Seluk*, 691 F.Supp. 525 (D.Mass. 1988); *United States v. Belgard*, 694 F.Supp. 1488, 1988 WL 67248 (D.Ore.1988); *United States v. Landers*, 690 F.Supp. 615 (W.D.Tenn. 1988); *United States v. Sparks*, 687 F.Supp. 1145 (E.D.Mich.1988) (holding the President's removal power unconstitutional but severable and thereby upholding the guidelines); *United States v. Kerr*, 686 F.Supp. 1174 (W.D.Pa.1988); *United States v. Franco*, 691 F.Supp. 1036 (E.D.Ky. 1988); *United States v. Smith*, 686 F.Supp. 1246 (W.D.Tenn.1988); *United States v. Alves*, 688 F.Supp. 70 (D.Mass.1988); *United States v. Amesquita-Padilla*, 691 F.Supp. 277 (W.D.Wash. 1988); *United States v. Myers*, 687 F.Supp. 1403 (N.D.Cal.1988) (similar to *Sparks*); *United States v. Richardson*, 685 F.Supp. 111 (E.D.N.C. 1988); *United States v. Etienne*, 1988 WL 49250 (E.D.N.Y.1988) (unpublished); *United States v. Johnson*, 682 F.Supp. 1033 (W.D.Mo.) (en banc), *cert. granted before judgment sub nom. United States v. Mistretta*, —— U.S. ——, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988); *United States v. Chambless*, 680 F.Supp. 793 (E.D.La.1988); *United States v. Ruiz-Villanueva*, 680 F.Supp. 1411 (S.D. Cal.1988).

The following district court cases have held the sentencing guidelines unconstitutional:

*United States v. Richardson*, 690 F.Supp. 1030 (N.D.Ga.1988); *United States v. Brown*, 690 F.Supp. 1423 (E.D.Pa.1988); *United States v. Serpa*, 688 F.Supp. 1398, (D.Neb.1988) (en banc); *United States v. Alafriz*, 690 F.Supp. 1303 (S.D.N.Y.1988); *United States v. Kane*, 691 F.Supp. 341 (N.D.Ga.1988); *United States v. Williams*, 691 F.Supp. 36 (M.D.Tenn.1988) (en banc); *United States v. Rosario*, 687 F.Supp. 426 (N.D.Ill.1988); *United States v. Molina*, 688 F.Supp. 819 (D.Conn.1988); *United States v. Mendez*, 691 F.Supp. 656 (S.D.N.Y.1988); *United States v. Terrill*, 688 F.Supp. 542 (W.D.Mo.1988); *United States v. Brittman*, 687 F.Supp. 1329 (E.D.Ark.1988); *United States v. DiBiase*, 687 F.Supp. 38 (D.Conn.1988); *United States v. Olivencia*, 689 F.Supp. 1319 (S.D.N.Y.1988); *United States v. Bester*, 1988 WL 75460 (D.Minn.1988) (en banc) (unpublished); *United States v. Perez*, 685 F.Supp. 990 (W.D.Tex.1988); *United States v. Horton*, 685 F.Supp. 1479 (D.Minn.1988); *United States v. Allen*, 685 F.Supp. 827 (N.D.Ala. 1988) (en banc); *United States v. Fonseca*, 686 F.Supp. 296 (S.D.Ala.1988); *United States v. Diaz*, 685 F.Supp. 1213 (S.D.Ala.1988); *United States v. Ortega-Lopez*, 684 F.Supp. 1506 (C.D. Cal.1988) (en banc); *United States v. Russell*, 685 F.Supp. 1245 (N.D.Ga.1988); *United States v. Wilson*, 686 F.Supp. 284 (W.D.Okla.1988); *United States v. Molander*, 683 F.Supp. 701 (W.D.Wisc.1988); *United States v. Bolding*, 683 F.Supp. 1003 (D.Md.1988) (en banc); *United States v. Elliott*, 684 F.Supp. 1535 (D.Colo.1988); *United States v. Tolbert*, 682 F.Supp. 1517 (D.Kan.1988); *United States v. Estrada*, 680 F.Supp. 1312 (D.Minn.1988); *United States v. Frank*, 682 F.Supp. 815 (W.D.Pa.1988); *United States v. Smith*, 686 F.Supp. 847 (D.Colo.1988); *United States v. Lopez-Barron*, 685 F.Supp. 725 (S.D.Cal.1988); *United States v. Arnold*, 678 F.Supp. 1463 (S.D.Cal.1988).

ing the stay is based primarily upon the balancing of the equities discussed below, i.e., the failure of the government to make the necessary showing of irreparable injury if a stay is not granted, and appellee's successful demonstration of irreparable injury if a stay is granted.

## IRREPARABLE INJURY TO THE GOVERNMENT

The government's claims of harm in the absence of a stay are primarily claims of administrative inconvenience. First, the government argues that if a stay is not granted, it will have to appeal every criminal case in order to preserve its rights should its position ultimately prevail in the Supreme Court. However, if a stay is granted, it is likely that almost every defendant who is adversely affected by that stay would appeal. Thus, although we are sympathetic to the government's increased workload, it is caused by the uncertainty of the situation rather than the particular resolution reached by the district court.

Second, the government contends that there is a heavier administrative burden in switching from the old system to the guideline system than vice versa. In other words, if the initial sentencing is under the pre-guideline system, and the Supreme Court ultimately sustains the validity of the guidelines, the government argues that there will be severe administrative burdens in resentencing under the guidelines with all of the required factfinding. On the other hand, if the initial sentencing is under the guideline system, and the Supreme Court ultimately invalidates same, the government argues that lesser administrative burdens would be involved in resentencing. On the present record, we are not persuaded that the administrative burdens would be significantly greater if we deny the stay, as opposed to those if we grant the stay. Moreover, the fact that the government has not asked for a stay in many of the other cases across the country where district courts have invalidated the guidelines casts some doubt upon the urgency of the government's claim of irreparable injury. In any event, because it is anticipated that the Supreme Court will resolve the issue very soon, see footnote 2, supra, and footnote 5, infra, the extent of the government's administrative burden should be limited.

In his opinion denying a stay in this case, Judge Marcus has suggested an appropriate response to the government's administrative burden argument. District courts can, on a case-by-case basis, determine whether judicial economy will be promoted by making findings which would have been necessary under the guideline system, or whether other factors (e.g., a significant chance of dimming memories) make it appropriate to do so. See 693 F.Supp. at 1107.[4] We believe that such determinations can be better made by district courts on a case-by-case basis, and we encourage that this be done.

## INJURY TO OTHER PARTIES

The opinion of Judge Marcus denying the stay points to the most compelling injury that would be suffered if we should grant a stay. 693 F.Supp. at 1106. Under the guidelines, some defendants who would have gotten probation under the pre-guideline system will be required to serve a term of imprisonment. Thus, if we granted the stay and the guidelines were ultimately struck down, these defendants would have been unnecessarily incarcerated. Such unnecessary deprivation of liberty clearly con-

These were the cases available on Westlaw at the time of writing. They may not constitute a complete list of all decisions concerning the constitutionality of the guidelines.

**4.** Subsequent to the en banc decision of the Southern District of Florida declaring the guidelines unconstitutional, and subsequent to the en banc decision of that court denying a stay, the Chief Judge of the Southern District issued an administrative order directing the probation department to prepare presentence reports pursuant to the pre-guidelines format. Nothing in that administrative order could inhibit a district judge's authority to direct the probation officer in a particular case to prepare a presentence report pursuant to the guidelines format. We interpret the administrative order to do nothing more than establish the routine procedure which would be subject to variance at the direction of a district judge in a particular case.

stitutes irreparable harm. *Cf. Certain Named and Unnamed Non-Citizen Children and Their Parents v. Texas*, 448 U.S. 1327, 101 S.Ct. 12, 65 L.Ed.2d 1151 (1980) (Powell, J., Circuit Justice) (reversing lower court's denial of stay in order to keep alien children in public schools while litigation was pending).

## PUBLIC INTEREST

Although the public interest is clearly disserved by the present uncertainty in the federal criminal justice system, the uncertainty will inevitably remain until the Supreme Court rules. Thus, this factor is neutral in our analysis.

## CONCLUSION

The administrative burdens that will be suffered by all concerned until the constitutionality of the sentencing guidelines is settled are regrettable. However, granting a stay would only impose different but equivalent administrative burdens. Moreover, granting a stay could unnecessarily subject some defendants to a deprivation of liberty. Thus, we deny the government's motion for a stay.[5]

DENIED.

HATCHETT, Circuit Judge, concurring specially:

I join in denial of the stay and write separately on two matters: the test to be applied and the government's administrative burden.

The test to be applied is the Eleventh Circuit test stated in Eleventh Circuit Rule 27–1(b). That test places the burden of proof squarely on the "party requesting." *Garcia-Mir v. Meese*, 781 F.2d 1450 (11th Cir.1986). Consequently, I deny the stay because the government has failed to make the showing of irreparable injury required by the law of the Eleventh Circuit.

In concluding that the government has failed to show irreparable injury, I give no consideration to the fact that the govern-

ment has not moved for a stay in many of the other courts around the nation where the guidelines have been declared unconstitutional. As any other litigant, the government must be able to choose what, when, and where to litigate without unfavorable inferences being drawn. Likewise, the administrative process that delays a government appeal must be considered. 28 U.S.C. A. § 519 and 18 U.S.C.A. § 3731. It is sufficient to say, the record is silent on why the government has not moved for stays in other circuits.

We suggest a means of curing some of the government's administrative burdens: make the findings required under the sentencing guidelines on a case-by-case basis. This makes good sense. As I understand our ruling, without regard to the orders in this case (en banc), district court judges may order that the probation service prepare presentence reports in accordance with the guidelines. Further, district court judges may on a case-by-case basis make findings on contested issues in order to preserve the matters and materials in the event guideline sentencing is required. Following such a procedure now also solves serious administrative burdens for the courts. It should not be difficult for district judges to identify cases that require immediate fact-finding and resolution of contested issues. Following this case-by-case approach may well eliminate issues such as those presented in *United States v. Jones*, 722 F.2d 632 (11th Cir.1983).

---

**5.** Any burden caused by our decision should be brief. The Supreme Court has set the *Mistretta* case for oral argument on October 5, 1988, and all indications are that the Court will decide the case as quickly as possible. 57 U.S.L.W. 3080.