701 F.Supp. 148 (1988)
UNITED STATES of America, Plaintiff,
v.
Ernest DAHLIN, Defendant.
No. 88 CR 20001.
United States District Court, N.D. Illinois, W.D.
November 25, 1988.
John McKenzie, Asst. U.S. Atty., for U.S.
Franklin C. Cook, Freeport, Ill., for defendant.

ORDER
ROSZKOWSKI, District Judge.
This action comes before the Court on defendant's motion to declare as unconstitutional the new United States Sentencing Guidelines, 18 U.S.C. § 3551 et seq., promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 28 U.S.C. § 991 et seq. For the reasons set forth below, the Court concludes that the Sentencing Guidelines are an unconstitutional delegation of legislative power and therefore invalid.
While this Court finds the Sentencing Guidelines constitutionally infirm, we do so today on "delegation of power" grounds only.[1] One reason for this somewhat limited opinion is the fact that the United States Supreme Court has granted certiorari in United States v. Mistretta, and Mistretta v. United States, and that case has been fully briefed, see 1 Fed.Sent.R., 139-186 (September, 1988), and was argued before the Supreme Court on October 6, 1988. 57 U.S.L.W. 1060 (October 18, 1988). Therefore, there appears to be no legal value in going beyond the delegation issue when the Guidelines can be invalidated on that ground alone.
In addition, many district courts,[2] as well *149 as the Ninth Circuit Court of Appeals,[3] have held the Sentencing Guidelines unconstitutional on various other grounds including, but not limited to: separation of powers and the delegation doctrine by placing the Sentencing Commission in the judicial branch; separation of powers doctrine by mandating the inclusion of Article III judges on the Sentencing Commission; separation of powers doctrine by allowing the executive branch, through the President, to exercise the power of appointment and removal of Commission members (some of whom are Article III judges); separation of powers doctrine by assigning judicial duties to the executive branch; violation of due process by significantly limiting judicial discretion in sentencing; violation of due process by creating new crimes; and, finally, a determination of whether any of the provisions of the Sentencing Guidelines are severable.[4] It should also be noted that the Third Circuit Court of Appeals and many of the district courts which have ruled on this issue have rejected the above-mentioned arguments and held that the Sentencing Guidelines withstand constitutional muster against any or all of these challenges.[5]
While the Supreme Court's decision in Mistretta may ultimately rest on any one, or all, or none of these constitutional grounds, the finding by this Court that Congress impermissibly delegated responsibilities to the Sentencing Commission obviates any necessity to rule on the various alternative grounds mentioned above. This is especially true in light of the fact that dozens upon dozens of district courts have already issued detailed opinions on this subject setting forth the arguments on both sides of the major constitutional questions,[6] *150 many commentators have written academic articles covering both aspects of this controversy,[7] and the Supreme Court will have more than enough insightful information with which to inform their decision. Given this state of affairs, there appears no reason to merely restate what has already been well stated, except by way of reference to those opinions.

DELEGATION
With respect to the delegation of powers issue, there are two alternative grounds for striking down the Sentencing Reform Act as unconstitutional: First, that decisions involving policy choices and determinations on core fundamental liberties questions are simply "non-delegable" and can only be properly exercised by Congress; and second, that the Sentencing Reform Act actually delegates to the Sentencing Commission the function of defining and determining substantive criminal conduct.

I.
The power to make policy decisions involving "core" or "fundamental" liberties must be treated differently when the delegability of the powers are at issue. The treatment of delegated powers, in areas that affect fundamental liberty interests, must be construed narrowly. Kent v. Dulles, 357 U.S. 116, 129, 78 S.Ct. 1113, 1120, 2 L.Ed.2d 1204 (1958). The Court is persuaded that the issues which surround the constitutional challenges to the Sentencing Reform Act present questions that affect the most fundamental interest  liberty itself. See U.S. v. Eastland, 694 F.Supp. 512 (N.D.Ill. September 8, 1988); U.S. v. Brittman, 687 F.Supp. 1329, 1331-33 (E.D.Ark.1988). And while it is clear that under the proper circumstances, with the requisite specificity in the delegation, Congress may delegate certain matters relating to the penal process, "it may not delegate `so crucial a legislative function as the redrafting of federal criminal penalties.'" Brittman, 687 F.Supp. at 1333 citing U.S. Parole Comm'r v. Geraghty, 719 F.2d 1199, 1212 (3rd Cir.1983), cert. denied, 465 U.S. 1103, 104 S.Ct. 1602, 80 L.Ed.2d 133 (1984).
Therefore, for the reasons outlined above and set out in more detail in the Brittman and Eastland decisions, this Court holds that the delegation of powers doctrine has been violated and thus the Sentencing Reform Act as well as the Sentencing Guidelines are unconstitutional.

II.
The second ground for striking down the Sentencing Reform Act on the basis of an unlawful delegation is that the Act really delegates to the Sentencing Commission the function of determining and defining substantive criminal conduct. In Brittman, the district court stated that "[l]ike the task of setting penalties, the definition of crime falls within the core legislative domain and may not be delegated to to others." 687 F.Supp. at 1334 (emphasis added) citing Whalen v. U.S., 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980).
In the Brittman decision, Chief Judge Eisele explains how the new Sentencing Guidelines actually have the effect of creating new crimes. See Brittman, 687 F.Supp. at 1334-40.[8] Chief Judge Eisele, *151 through the use of an all-too realistic hypothetical, illustrates how the Guidelines actually determine substantive criminal conduct and, therefore, violate the nondelegability doctrine. Brittman, 687 F.Supp. at 1334-36.
Based on the foregoing, this Court holds the Sentencing Reform Act an impermissible delegation of the power to determine substantive criminal conduct, finding the Act and the Guidelines unconstitutional and therefore invalid.

CONCLUSION
For the reasons set forth above, the Court holds the Sentencing Reform Act of 1984, and the Sentencing Guidelines promulgated pursuant to the Act, to be an unconstitutional delegation of powers in two respects: First, the Act attempted to delegate to the judicial branch policy decisions on fundamental liberties questions which can only be lawfully answered by Congress; and second, that the Act attempted to delegate to the Sentencing Commission the non-delegable responsibilities of determining and defining substantive criminal conduct.
In light of this holding, the defendant must be sentenced according to the old procedures unless and until the Seventh Circuit Court of Appeals or the United States Supreme Court rules otherwise.
NOTES
[1] It is clear that there are numerous other bases upon which the constitutionality of the Sentencing Guidelines can be challenged. This is evidenced by the wide variations in holdings by the federal courts on these various issues. See infra cases cited in notes 2-4. The most common challenges have come in the areas of delegation of power, separation of power and due process.
[2] United States v. Eastland, 694 F.Supp. 512 (N.D.Ill.1988); United States v. Richardson, 690 F.Supp. 1030 (N.D.Ga.1988); United States v. Brown, 690 F.Supp. 1423 (E.D.Pa.1988); United States v. Bester, 1988 U.S.Dist. LEXIS 7550, 1988 WESTLAW 75460 (D.Minn. July 19, 1988) (en banc) (unpublished); United States v. Serpa, 688 F.Supp. 1398 (D.Neb.1988); United States v. Alafriz, 690 F.Supp. 1303 (S.D.N.Y.1988); United States v. Kane, 691 F.Supp. 341 (N.D.Ga.1988); United States v. Williams, 691 F.Supp. 36 (M.D. Tenn.1988) (en banc); United States v. Rosario, 687 F.Supp. 426 (N.D.Ill.1988); United States v. Molina, 688 F.Supp. 819 (D.Conn.1988); United States v. Mendez, 691 F.Supp. 656 (S.D.N.Y. 1988); United States v. Terrill, 688 F.Supp. 542 (W.D.Mo.1988); United States v. Brittman, 687 F.Supp. 1329 (E.D.Ark.1988); United States v. Brodie, 686 F.Supp. 941 (D.D.C.1988); United States v. DiBiase, 687 F.Supp. 38 (D.Conn.1988); United States v. Olivencia, 689 F.Supp. 1319 (S.D.N.Y.1988); United States v. Perez, 685 F.Supp. 990 (W.D.Tex.1988); United States v. Horton, 685 F.Supp. 1479 (D.Minn.1988); United States v. Allen, 685 F.Supp. 827 (N.D.Ala.1988) (en banc); United States v. Fonseca, 686 F.Supp. 296 (S.D.Ala.1988); United States v. Diaz, 685 F.Supp. 1213 (S.D.Ala.1988); United States v. Ortega-Lopez, 684 F.Supp. 1506 (C.D.Cal.1988) (en banc); United States v. Russell, 685 F.Supp. 1245 (N.D.Ga.1988); United States v. Wilson, 686 F.Supp. 284 (W.D.Okla.1988); United States v. Molander, 683 F.Supp. 701 (W.D.Wisc.1988); United States v. Bolding, 683 F.Supp. 1003 (D.Md.1988) (en banc); United States v. Elliott, 684 F.Supp. 1535 (D.Colo.1988); United States v. Tolbert, 682 F.Supp. 1517 (D.Kan.1988); United States v. Estrada, 680 F.Supp. 1312 (D.Minn. 1988); United States v. Frank, 682 F.Supp. 815 (W.D.Pa.1988); United States v. Smith, 686 F.Supp. 847 (D.Colo.1988); United States v. Lopez-Barron, 685 F.Supp. 725 (S.D.Cal.1988); United States v. Arnold, 678 F.Supp. 1463 (S.D. Cal.).
[3] United States v. Gubiensio-Ortiz, 857 F.2d 1245 (9th Cir.1988) (as amended September 15, 1988).
[4] See, e.g., United States v. Sparks, 687 F.Supp. 1145 (E.D.Ky.1988) (holding the President's removal power unconstitutional but severable and thereby upholding the Sentencing Guidelines).
[5] United States v. Frank, 864 F.2d 992 (3rd Cir.1988); United States v. Weidner, 692 F.Supp. 968 (N.D.Ind.1988); United States v. Whitfield, 689 F.Supp. 954 (D.Minn.1988); United States v. Schwartz, 692 F.Supp. 331 (D.Del. 1988); United States v. Belgard, 694 F.Supp. 1488 (D.Ore.1988) (as amended July 25, 1988); United States v. Seluk, 691 F.Supp. 525 (D.Mass. 1988); United States v. Landers, 690 F.Supp. 615 (W.D.Tenn.1988); United States v. Kerr, 686 F.Supp. 1174 (W.D.Pa.1988); United States v. Franco, 691 F.Supp. 1036 (E.D.Ky.1988); United States v. Smith, 686 F.Supp. 1246 (W.D.Tenn. 1988); United States v. Alves, 688 F.Supp. 70 (D.Mass.1988); United States v. Amesquita-Padilla, 691 F.Supp. 277 (W.D.Wash.1988); United States v. Myers, 687 F.Supp. 1403 (N.D.Cal. 1988); United States v. Richardson, 685 F.Supp. 111 (E.D.N.C.1988); United States v. Etienne, 1988 WESTLAW 49250 (E.D.N.Y. May 6, 1988); United States v. Johnson, 682 F.Supp. 1033 (E.D. Mo.1988) (en banc), cert. granted before judgment sub nom., United States v. Mistretta, ___ U.S. ___, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988); United States v. Chambless, 680 F.Supp. 793 (E.D.La.1988); United States v. Ruiz-Villanueva, 680 F.Supp. 1411 (S.D.Cal.1988).
[6] See supra notes 2-5.
[7] See, e.g., Weigel, The Sentencing Reform Act of 1984: A Practical Appraisal, 36 U.C.L.A.L. Rev. 83 (1988); Ogletree, The Death of Discretion? Reflections on the Federal Sentencing Guidelines, 101 Harv.L.Rev.1938 (1988); Project: Seventeenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1986-1987: IV. Sentencing, Probation, and Parole, 76 Geo.L.J. 1073 (1988); Robinson, A Sentencing System for the 21st Century?, 66 Tex. L.Rev. 1 (1987); Liman, The Constitutional Infirmities of the United States Sentencing Commission, 96 Yale L.J. 1363 (1987); Project: Sixteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1985-86: IV. Sentencing, Probation, and Parole, 75 Geo.L.J. 1129 (1987).
[8] In Brittman, Chief Judge Eisele also raises a due process concern which, to this Court's knowledge, has not been ruled upon by any of the district or circuit court opinions to date. Albeit in dicta, Chief Judge Eisele suggests that under his hypothetical:

the sentence is being quadrupled on the basis of uncharged conduct (no grand jury) found by a single district court (no petit jury) applying some standard less than that of `beyond a reasonable doubt,' without the necessity of the formalities of any trial, with the defendant not necessarily having the right of confrontation, and without the necessity of applying even civil trial evidentiary standards, can it not be said without any doubt that the Sentencing Commission in defining `specific offense characteristics' is simply defining new crimes to which it then attaches specific penalties? If a person can be imprisoned and deprived of his liberty on the basis of such conduct for specific increments of time surely it must be because such conduct is criminal. Brittman, 687 F.Supp. at 1335 (emphasis in original). Chief Judge Eisele continued that "it is clear that under current practice there is nothing that requires a judge to add a specific penalty on the basis of a finding of any particular uncharged fact. This will not be so under the guidelines." Brittman, 687 F.Supp. at 1336 (emphasis in original).
While this opinion does not go beyond the delegation of powers issue in deciding the defendant's challenge to the guidelines' constitutionality, the Court does note that the Brittman opinion raises another serious constitutional challenge to the Sentencing Guidelines which mitigates toward a finding of unconstitutionality.